UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BYRON deRAY CROFTS,<br><br>                Plaintiff,<br><br>    v.<br><br>TYRELL DAVIS, Warden of the Idaho Maximum Security Institution, in his individual capacity,<br><br>                Defendant. | Case No. 1:20-cv-00378-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Byron deRay Crofts is a prisoner proceeding pro se and in forma pauperis in this civil rights action. The Court previously reviewed Plaintiff's first amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an additional opportunity to amend. *See Initial Review Order*, Dkt. 10.

Plaintiff has now filed a Second Amended Complaint. The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Second Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in his first amended complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

**1.**     **Motion for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Sec. Am. Compl.*, Dkt. 12, at 3. Unlike

criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if he or she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect his interests to date. In addition, as the Court concludes below, the Second Amended Complaint fails to state a claim upon which relief may be granted; therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's Motion for Appointment of Counsel.

2.  **Screening Requirement**

As explained in the Initial Review Order, the Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2) & 1915A(b).

3.  **Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted).

4.  **Discussion**

Plaintiff asserts civil rights claims under 42 U.S.C. § 1983 and negligence claims under Idaho law. However, Plaintiff's claims are implausible.

To state a colorable civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct

of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015).

Plaintiff alleges that Warden Davis failed to protect Plaintiff against assault by other inmates. As the Court explained in the Initial Review Order, Plaintiff's failure-to-protect claims are analyzed under the Eighth Amendment. A plaintiff asserting such a claim must plausibly allege that the defendant acted with deliberate indifference—meaning that the defendant knew of, yet deliberately disregarded, a substantial risk of harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff has not plausibly alleged that Defendant Davis acted with deliberate indifference. The Second Amended Complaint alleges only that Plaintiff sent a concern form to Davis, which stated that Plaintiff "can't live on a hard walk or soft walk with active or non-active AK Aryan Knights or SVC or SUR13 or Northsiders 14," all of which are prison gangs. *Sec. Am. Compl.* at 2 (capitalization regularized). It is not plausible that this vague information made Davis aware of a risk to a substantial risk to Plaintiff's safety. That Plaintiff said he "can't" be housed with certain inmates is insufficiently specific to imply such a risk.

The first amended complaint contained more information about what the concern form said, but that information does not help Plaintiff. According to the first amended complaint, Plaintiff's concern form stated, "There are AK Aryan Knights and Sur13 and Northsiders 14 gang members on hard walks and soft walks I don't get along with." *First*

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 4

*Am. Compl.*, Dkt. 7, at 2 (capitalization regularized). But notifying Warden Davis that Plaintiff did not "get along with" members of these gangs—like Plaintiff's stating he couldn't be housed with them—does not give rise to a reasonable inference that Davis actually knew of a substantial risk to Plaintiff's safety.

Nor does the Second Amended Complaint state a plausible claim of negligence under Idaho law. Having been informed only that Plaintiff believed he could not be housed with gang members, or that he did not get along with such inmates, "a reasonable prison official would not have been placed on notice that anything needed to be done to secure Plaintiff's safety." *Initial Review Order* at 8; *see Steed v. Grand Teton Council of the Boy Scouts of Am., Inc.*, 172 P.3d 1123, 1129 (Idaho 2007) (describing the reasonable person standard as a "negligence standard of care").

For the foregoing reasons, the Second Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**5.     Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Second Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the

litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Second Amended Complaint (Dkt. 11) is GRANTED.

2. The Second Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 10), this case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: March 19, 2021

David C. Nye
Chief U.S. District Court Judge